IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

CAROL FOX and GLENN FOX,
wife and husband,

        Plaintiffs,

v.                                                                      No. CIV 97-907 BB/DJS

LYNN HARRIS,
FARMLAND INDUSTRIES, INC.,
and TRICK ENTERPRISES, INC.,

        Defendants.

### MEMORANDUM OPINION AND ORDER
### PERMITTING AMENDED COMPLAINT

THIS MATTER comes before the Court on Plaintiffs' motion to file a first amended complaint, and the Court having considered the briefs of counsel, FINDS the motion well taken and it will be Granted.

### Discussion

Plaintiff Carol Fox was injured in an accident that occurred while a truck driver, employed by Defendant Farmland Industries, Inc. ("Farmland"), was making a delivery of gasoline to Plaintiffs. Plaintiffs allege the driver was transferring the fuel from his tanker truck into a drum using a PTO pump rather

than gravity feed.  During the discovery process, Plaintiffs obtained a memorandum from Farmland addressed to several employees, including the truck driver, Lynn Harris.  The memorandum outlines Farmland's policies with respect to the drumming of petroleum products and prohibits some of the procedures Plaintiffs contend Mr. Harris employed.  At his deposition, Mr. Harris testified that he was not made aware of the above-mentioned policies prior to the memorandum being circulated which was after the events which are the subject of this complaint.  Plaintiffs have now moved for leave to amend their complaint to add a claim for punitive damages against Farmland.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires."  *See also Gillette v. Tansy*, 17 F.3d 308 (10th Cir. 1994).  Therefore, the district court must have a logical and clearly articulated reason to deny such an amendment.  *Valley Imp. Ass'n, Inc. v. United States Fidelity & Guar. Corp.*, 129 F.3d 1108, 1127 (10th Cir 1997).  The Court finds no such reason is evident from the briefs presented.

Defendants argue that the New Mexico Supreme Court "eliminated gross negligence as a basis for punitive damages."  Def. Resp. Br. at 3.  The Court is not persuaded that the cases cited by Defendants, *Paiz v. State Farm Fire & Cas. Co.*, 880 P.2d 300, 310 (N.M. 1994), and *Hinger v. Parker & Parsley Petroleum Co.*, 902

P.2d 1033, 1049 (N.M. App. 1995), support this broad proposition. *Paiz* has been recognized as applying to breach of contract not negligence cases. *Cafeteria Operators, L.P. v. Coronado-Santa Fe Assoc., L.P.*, 1997 WL 809222 (N.M. App. 1997). In *Hinger*, the Court of Appeals upheld a punitive damage award on facts analogous to those in Plaintiffs' proposed amendment saying "this is evidence sufficient to support a jury finding of either gross negligence or reckless indifference and culpable mental state to support the award of punitive damages." 902 P.2d at 1048. Moreover, on negligence claims, New Mexico law continues to recognize punitive damages are appropriate when a wrongdoer's conduct is wanton or reckless. *Sanchez v. Wiley*, 946 P.2d 650, 655 (N.M. App. 1997); *Hinger*, 902 P.2d at 1049. Gross negligence falls within this category. *Abeita v. Northern Rio Arriba Elec. Co-op.*, 946 P.2d 1108, 1120 (N.M. App. 1997); *Espinosa v. Roswell Tower, Inc.*, 910 P.2d 940, 949 (N.M. App. 1995) (the distinction is recognized and discussed in the partial dissent of Judge Hartz). *See also* UJI 13-1827 NMRA 1996.

Defendants next argue "Plaintiffs have not demonstrated a factual basis for their contentions sufficient to justify leave to amend." Defs. Resp. Br. at 3. A party is not required to show he will prevail on the merits of a claim before being allowed to amend the complaint to add such a claim. *Federal Beef Processors, Inc.*

*v. CBS, Inc.*, 858 F. Supp. 125 (D.S.D. 1994); *Little v. Reed-Prentice Div. of Package Mach. Co.*, 131 F.R.D. 591 (D. Kan. 1990). Plaintiffs' allegations are sufficient to set forth a claim for punitive damages; whether they can muster sufficient evidence to prevail on that claim will be reserved for another day.

### **O R D E R**

For the above-stated reasons, Plaintiffs' motion to amend their complaint [#27] is **GRANTED**.

Dated at Albuquerque this 8th day of April, 1998.

                                                                BRUCE D. BLACK
                                                               United States District Judge

Counsel for Plaintiffs:

    Charlotte Mary Toulouse, Toulouse & Assoc., Albuquerque, NM

Counsel for Defendants:

    Patrick M. Shay, Amy E. Badger, Rodey Law Firm, Albuquerque, NM